Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50116 | **DATE** | 7/16/2004 |
| **CASE TITLE** | Bourbon vs. IRS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  For the reasons stated on the reverse memorandum opinion and order, the court grants defendant's motion to dismiss and dismisses this cause in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | |
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | JUL 16 2004 | | 10 |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | | |
| ✓ | Copy to judge/magistrate judge. | | 7-16-04 | | |
| LC | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

U.S. DISTRICT COURT

2004 JUL 16 PM 12:11

# MEMORANDUM OPINION AND ORDER

Plaintiff, Holly Bourbon, filed a pro se complaint against defendant, the Internal Revenue Service, claiming that she is entitled to the return of money withheld from her tax refunds and the removal of tax liens, both related to taxes allegedly owed pursuant to her involvement in a former business. Plaintiff further alleges that she has provided defendant with "all the state documents" and has attached to her complaint a copy of an agreed order entered in state court which, pursuant to a settlement agreement, provides that plaintiff shall be held "harmless and indemnified against any and all obligations of any kind or nature whatsoever resulting from [plaintiff's] ownership or employment with said corporation."

Defendant moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1), contending that this court lacks subject matter jurisdiction because plaintiff has not alleged that she has met the statutory prerequisites for filing a tax refund action, and pursuant to Fed. R. Civ. P. 12(b)(6), asserting that the state court order does not preclude it from seeking to recover on plaintiff's tax obligations. Defendant also asserts it is not a suable entity and that the United States is the proper defendant. Plaintiff, in her response, states that she had a "hearing" at defendant's local office and presented it with "all court documents."

The court grants defendant's motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim. Plaintiff seeks to use the state court order to preclude defendant from collecting taxes she allegedly owes and to compel a refund of the taxes already withheld. Because the order was issued by an Illinois state court, this court must look to the law of Illinois to determine whether claim preclusion (res judicata) bars defendant from pursuing its tax claim against plaintiff. See Walsh Construction Company of Illinois v. National Union Fire Insurance Company, 153 F. 3d 830, 832 (7th Cir. 1998). Under Illinois law, res judicata applies when: (1) there is a final judgment on the merits by a court of competent jurisdiction; (2) there is an identity of causes of action; and (3) there is an identity of parties or their privies. Walsh Construction, 153 F. 3d at 832. Further, claim preclusion applies to issues that were actually decided or could have been decided in the original suit. Walsh Construction, 153 F. 3d at 832.

In this case, plaintiff cannot prevail on her claim that defendant is precluded from enforcing her alleged tax obligation based on the state court order. That order contains no final judgment as to plaintiff's tax obligations to defendant. Rather, the order merely states she is not liable for any obligations as between herself and the other parties to the settlement agreement. Nor could the order provide such tax relief as the state court lacked the authority to rule on the issue of whether plaintiff owes certain taxes to defendant. Additionally, there is no identity of causes of action as the state court matter had nothing to do with plaintiff's obligations under federal tax laws. Further, there is no identity of parties as defendant was not involved in the state court action. Finally, the tax obligations of plaintiff as issue here were not, and could not be, decided in the state court action. Thus, plaintiff cannot rely on the state court order in this action to obtain relief related to her tax obligation to defendant. As that is the theory upon which plaintiff's complaint is premised, the court dismisses the complaint for failure to state a claim upon which relief may be granted. If plaintiff is to obtain any relief under the state court order as it pertains to indemnification, she must do so in state court.

Alternatively, even if the complaint did state a claim under Rule 12(b)(6), it would be properly dismissed under Rule 12(b)(1) as plaintiff has not alleged or shown that she satisfied the statutory prerequisites to maintain a tax refund suit. See Hefti v. Internal Revenue Service, 8 F. 3d 1169, 1173-74 (7th Cir. 1993).

Having dismissed the complaint it is not necessary to rule on the propriety of naming the IRS as a defendant although such a procedure is highly doubtful. See Sampson Investments v. Sampson, 111 F. Supp. 2d 1064, 1065 n. 1 (E.D. Wisc. 2000).

For the foregoing reasons, the court dismisses plaintiff's complaint in its entirety.